IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RDB-12-2243 |
| FUNMARK ADVERTISING, INC., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Complaint for Confessed Judgment that Plaintiff Branch Banking and Trust Company ("BB&T") filed against Defendants Funmark Advertising, Inc. ("Funmark") and Chesapeake Bay Sport Fishing, LLC ("Chesapeake") (collectively "Defendants"), ECF No. 1.[1]  For the reasons stated herein, I recommend that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff seeking entry of a confessed judgment file a complaint, accompanied by:

  1. the written instrument that

    (a) authorizes the confessed judgment; and

    (b) entitles the plaintiff to a claim for liquidated damages;

  2. an affidavit of the plaintiff or someone on behalf of the plaintiff, stating:

---

[1] On August 7, 2012, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Bennett referred this case to me to review Plaintiff's Complaint for Confessed Judgment.  ECF No. 8.

>> (a) the circumstances under which the defendant executed the written instrument;
>
> (b) the age and education of the defendant, if known;
>
> (c) the amount due under the written instrument; and
>
> (d) the defendant's post office address (including the street address if needed to effect mail delivery).

The Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:

> 1. the defendant's voluntary, knowing, and intelligent waiver of:
>
>> (a) the right to notice; and
>>
>> (b) a prejudgment hearing on the merits of the plaintiff's liquidated damages claim; and
>
> 2. the plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Plaintiff attached to its Complaint several documents constituting "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Specifically, with respect to Funmark, Plaintiff attached a Promissory Note dated July 30, 2008, and three Note Modification Agreements ("collectively, the "First Note"). ECF No. 1-1. With respect to Chesapeake, Plaintiff attached a Promissory Note dated September 1, 2006, and four Note Modification Agreements (collectively, the "Second Note"). ECF No. 1-2. Plaintiff also attached documents establishing another loan to Chesapeake made by Promissory Note dated January 27, 2009, with three Note Modification Agreements (collectively, the "Third Note"). ECF No. 1-5. Funmark guaranteed the Second Note and the Third Note by way of a Guaranty Agreement dated September 1, 2006, which is also attached to Plaintiff's Complaint (the "Funmark Guaranty.") ECF No. 1-3.

The sixth attachment to Plaintiff's Complaint is the Affidavit of Mark Rabon, Plaintiff's Vice President and custodian of records. Rabon Aff. ¶ 1, ECF No. 1-6. Although it does not provide many details regarding the circumstances under which the documents were signed, the Affidavit states that Richard A. Schott executed the First Note, Second Note, Third Note, and Funmark Guaranty on behalf of Funmark and Chesapeake. Rabon Aff. ¶¶ 5b-5c. Mr. Schott signed the documents in his capacity as the President of Funmark and Member & Manager of Chesapeake. ECF Nos. 1-1, 1-2, 1-3, 1-5. The Affidavit states that Mr. Schott is 43 years of age. Rabon Aff. ¶ 5d.

The Affidavit states that, as of June 20, 2012, $155,212.06 is due under the First Note, plus attorneys' fees and expenses. Rabon Aff. ¶¶ 7-8 & Exh. A. The Affidavit states that, as of June 20, 2012, $162,929.08 is due under the Second Note, plus attorneys' fees and expenses. Rabon Aff. ¶¶ 9-10 & Exh. B. The Affidavit states that, as of June 20, 2012, $278,513.22 is due under the Third Note, plus attorneys' fees and expenses. Rabon Aff. ¶¶ 11-12 & Exh. C. The Affidavit describes how the amounts due under each note were calculated, and provides a *per diem* figure to calculate interest accruing after June 21, 2012. Rabon Aff. ¶¶ 8, 10, 12. Additionally, the Affidavit provides mailing addresses for the two Defendants. Rabon Aff. ¶¶ 13-14. Thus, the Complaint and its accompanying documents substantively meet the requirements of Local Rule 108.1.a.

The three Notes and the Funmark Guaranty do not state verbatim that Defendants voluntarily, knowingly, and intelligently waived their rights to notice and a prejudgment hearing. Nonetheless, Mr. Schott, as an officer of each Defendant, signed the Promissory Notes, each of which authorizes any attorney "to CONFESS JUDGMENT AGAINST THE UNDERSIGNED, WITHOUT PRIOR NOTICE OR OPPORTUNITY OF THE UNDERSIGNED FOR PRIOR

HEARING, in favor of the Bank for the full amount due on this Note (including the outstanding Principal, accrued interest and any and all other costs, fees, expenses and late charges) plus court costs and attorney's fees of 15% of the total amount then due hereunder." ECF Nos. 1-1, 1-2, 1-5.[2]  Each of the ten Note Modification Agreements signed by Mr. Schott contains similar language.  *Id.*  The Funmark Guaranty authorizes any attorney "to CONFESS JUDGMENT AGAINST THE UNDERSIGNED, WITHOUT PRIOR NOTICE OR OPPORTUNITY OF THE UNDERSIGNED FOR PRIOR HEARING, in favor of Bank for the full amount due under this Guaranty plus court costs and attorneys' fees of 15% of the total amount then due hereunder." ECF No. 1-3.  The confessed judgment provision appears in capital letters in each document.  *Id.*  Thus, having reviewed the Complaint, Affidavit, and Exhibits, I find that these documents make a prima facie showing that Defendants, through their representative, voluntarily, knowingly, and intelligently waived their right to notice and a prejudgment hearing, and that Plaintiff's claim for confessed judgment against Defendants is meritorious.  *See* Loc. R. 108.1.b.  Moreover, through an attorney, Defendants have consented to the entry of confessed judgment in this case.  ECF No. 1-7.  Therefore, I recommend that the Court direct the Clerk to enter the confessed judgment against Funmark in the amount of $596,654.36, plus costs of suit and interest accruing at the rate of $104.71 *per diem* after June 21, 2012, and against Chesapeake jointly and severally in the amount of $441,442.30, plus costs of suit and interest accruing at the rate of $84.99 *per diem* after June 21, 2012.  I further direct the Clerk to ensure that notice of this entry is provided to Defendants as follows, pursuant to Local Rule 108.1.c:

| | |
|---|---|
| Funmark Advertising, Inc. | Chesapeake Bay Sport Fishing, LLC |
| 705 Reynolds Drive | 1904 Beeches Glory Path |
| Stevensville, MD  21666 | Annapolis, MD  21404 |

---

[2] In the Third Note, the word "UNDERSIGNED" is replaced with the word "BORROWER," but the remainder of the language is identical.  ECF No. 1-5.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: August 10, 2012                                       /s/
                                                             Stephanie A. Gallagher
                                                             United States Magistrate Judge